UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

HARRY IOANNOU,

                                 Plaintiff,

   -against-

CITY OF NEW YORK, BILL DE BLASIO, Individually,
DERMOT SHEA, Individually, TERENCE MONAHAN,
Individually, JOHN MORALES, Individually, the name John being
Fictitious, as the true first name is presently unknown), and JOHN
and JANE DOE 1 through 15, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                          Defendants.

------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

<u>Jury Trial Demanded</u>

Plaintiff HARRY IOANNOU, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## **VENUE**

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff HARRY IOANNOU is a nineteen-year-old resident of Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, BILL DE BLASIO, DERMOT SHEA, TERENCE MONAHAN, "JOHN" MORALES, and JOHN and JANE DOE 1 through 15, were duly sworn sergeants or police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On May 31, 2020, at approximately 2:00 a.m., plaintiff was, *inter alia,* unreasonably seized in the vicinity of 131 Bowery Street, located in Lower Manhattan, New York, by NYPD police officers and thereafter subjected to excessive force, falsely arrested, and issued a baseless summons.

13. On the date in question, plaintiff was biking with friends toward where his car was parked in the Flatiron District when he encountered a group of protestors. Plaintiff noticed that police officers had blocked off the street and so remained stationary on his bike next to the protestors.

14. Plaintiff was still standing next to the larger group of protestors when NYPD officers began to storm the block.

15. In response to the defendants' escalating aggressive behavior, plaintiff lawfully turned his bike toward the south side of the street and attempted to leave the area.

16. Although plaintiff had committed no crimes or offenses and was not engaged in any unlawful activity, defendant officers who were operating unmarked police vehicles, attempted to hit plaintiff with their vehicles as he was attempting to disperse from the area by bike. Upon information and belief, each vehicle was occupied by two defendant officers, designated here as defendants JOHN DOE 1 through 4.

17. Plaintiff swerved to avoid being struck and continued to bike south down Bowery Street. Defendant JOHN DOE 5, who appeared in front of plaintiff, attempted to grab and/or push plaintiff of his bike.

18. Plaintiff jumped off the bike and began running southbound on the right side of the block.

19. Thereafter, two NYPD officers, JOHN DOE 6 and JOHN DOE 7, who upon information and belief held the rank of lieutenant, standing parallel to each other, pepper-sprayed plaintiff as he was running.

20. Defendants JOHN DOE 8 and JOHN DOE 9 came up behind plaintiff approximately two or three seconds after he was pepper-sprayed and tackled him to the ground.

21. Plaintiff fell hands and face first, landing on the front and right side of his body, and slid on the concrete, causing painful abrasions to his body.

22. Plaintiff, who was wearing contact lenses at the time, attempted to wipe the pepper spray out of his eyes while on the ground, but JOHN DOE 8 grabbed his hands and pushed his head down. Notwithstanding that plaintiff was fully compliant, defendant JOHN DOE 9 yelled at plaintiff to stop resisting and also struck plaintiff multiple times at the back of his knees with a baton or other hard item.

23. Plaintiff was handcuffed and arrested without probable cause.

24. Plaintiff was pulled to the corner at the side of the street by NYPD officers and instructed to "shut the fuck up" and remain on the ground. Plaintiff repeatedly informed the officers around him that his eyes were burning and that the pepper spray had gotten under his contacts. Officers responded by again telling plaintiff in sum and substance to "shut the fuck up" and to stay on the ground.

25. Plaintiff remained on the ground for approximately forty-five minutes to an hour with his hands cuffed behind him. Plaintiff repeatedly demanded to know if he was being detained and arrested and, if so, on what grounds.

26. Eventually plaintiff's handcuffs were removed, and plaintiff was issued a citation for disorderly conduct by defendant MORALES.

27. Plaintiff retained an attorney to represent him for his summons appearance, however, no record of the summons was ever located.

28. As a result of the defendants' violation of plaintiff's rights, plaintiff sustained significant pain, physical injury and emotional distress, including but not limited to, abrasions and scarring to the right side of body, including to his hand, forearm, hip, and elbow, and to both knees, a lower back injury, and inflammation to his eyes, with related extreme dryness and sensitivity to light. Plaintiff likewise suffered loss of liberty and emotional distress and incurred legal fees.

29. Defendants DE BLASIO, SHEA, MONAHAN, LEBRON, and JOHN and JANE DOE 1 through 15 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct and unconstitutional policies of the City of New York.

30. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, employing excessive force in response to peaceful protests and engaging in an improper protest response tactic known as kettling, whereby protestors and innocent bystanders are corralled in such a manner that they are prevented from dispersing and then forcefully arrested, as occurred to plaintiff here.

31. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware that the NYPD has a long history of documented instances of aggressive policing

towards protestors, and of the NYPD responding to protests with unconstitutional tactics including, without limitation, excessive force and kettling.

32. This history of aggressively policing protests and improperly arresting protestors has been documented by the New York Civil Liberties Union following anti-war protests in 2003 and the Republican National Convention (RNC) protests in 2004, and with respect to the RNC protests further confirmed by the Civilian Complaint Review Board, which published its own findings that then-Deputy Chief MONAHAN and another deputy chief failed to issue orders to disperse which were sufficiently audible, understandable, or with enough time to allow protesters to actually disperse before effecting arrests, resulting in the mass arrest protesters.

33. Moreover, following the Occupy Wall Street protests in 2011, the Protest and Assembly Rights Project issued a 2012 report which also detailed complaints of excessive force against protesters, bystanders, lawyers, legal observers, and journalists.

34. With respect to the BLM protest movement, the aggressive tactics and policies of responding to peaceful protests with excessive force and failing to allow protestors an opportunity to disperse before effecting mass arrests, has been well documented. Further, these policies and practices were directed and ratified by the NYPD supervising officers and Mayor BILL DE BLASIO, who failed to adequately train or supervise the NYPD officers who were deployed to police the protests, and thereafter praised said officers response to the BLM protests, thereby authorizing, sanctioning, and encouraging the aggressive and violent police tactics that resulted in the constitutional violations suffered by plaintiff and others.

35. The pervasiveness of these improper policies and practices, and the inadequate training and supervision of officers policing the BLM protests, has been well documented by numerous lawsuits arising out of the 2020 arrests, including, *Payne et al. v. de Blasio et al.* No.

20-cv-08924 (S.D.N.Y.), *Gelbard et al. v. City of New York et al.*, 20-cv-3163 (E.D.N.Y.), *Sierra et al. v. City of New York et al.*, 20-cv-10291 (S.D.N.Y.), *Jeffrey v. City of New York et al.*, 20-cv-2843 (NGG) (RML), EDNY among others.

36. Further, the Attorney General of the State of New York has brought an action, *People of the State of New York v. City of New York et al.*, 21-cv-0322, (S.D.N.Y.) for declaratory and injunctive relief in an effort to end the NYPD's established practice of suppressing peaceful protests through the use of excessive force and mass arrests.

37. Despite notice of the forgoing, the CITY OF NEW YORK, Mayor DE BLASIO, Commissioner SHEA, and Chief MONAHAN, have failed to train or supervise subordinate officers or take corrective action to address the NYPD's pervasive use of force and mass arrests of protests, thereby ratifying and endorsing said behavior such that it constituted a City policy. Defendant CITY OF NEW YORK, Mayor DE BLASIO, Commissioner SHEA, and Chief MONAHAN ratified the unconstitutional policies and practices employed against BLM protestors via their support for the NYPD's response to the BLM protests, and their failure to train, supervise, and discipline their subordinate officers. These failures and policies were the moving force behind the constitutional violations suffered by plaintiff and constituted deliberate indifference to plaintiff's and other protestors' rights.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the

supervision of ranking officers in said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. As a result of the foregoing, plaintiff HARRY IOANNOU sustained, *inter alia*, serious physical injuries, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendant officers arrested plaintiff HARRY IOANNOU without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

44. Defendant officers caused plaintiff HARRY IOANNOU to be falsely arrested and unlawfully imprisoned.

45. As a result of the foregoing, plaintiff HARRY IOANNOU is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The level of force employed by defendant officers was excessive, objectively unreasonable, and otherwise in violation of plaintiff HARRY IOANNOU'S constitutional rights.

48. As a result of the aforementioned conduct of the defendant officers, plaintiff HARRY IOANNOU was subjected to excessive force and sustained serious physical injuries and emotional distress.

49. As a result of the foregoing, plaintiff HARRY IOANNOU is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants had an affirmative duty to intervene on behalf of plaintiff HARRY IOANNOU, whose constitutional rights were being violated in their presence by other officers.

52. The defendants failed to intervene to prevent the unlawful conduct described herein.

53. As a result of the foregoing, plaintiff HARRY IOANNOU was subjected to excessive force, he was denied his right to a fair trial, and he was put in fear of his safety.

54. As a result of the foregoing, plaintiff HARRY IOANNOU is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

57. As a result of the foregoing, plaintiff HARRY IOANNOU is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant CITY OF NEW YORK)

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

60. The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK Police Department included, but were not limited to, responding to peaceful protests with excessive force and failing to allow protestors an opportunity to disperse before effecting mass arrests. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its

employees that was the moving force behind the violation of plaintiff HARRY IOANNOU'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

61. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff HARRY IOANNOU.

62. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff HARRY IOANNOU as alleged herein.

63. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NYPD were the moving force behind the Constitutional violations suffered by plaintiff HARRY IOANNOU as alleged herein.

64. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NYPD, plaintiff HARRY IOANNOU was unlawfully seized, subjected to physical abuse, and arrested.

65. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff HARRY IOANNOU'S constitutional rights.

66. All of the foregoing acts by defendants deprived plaintiff HARRY IOANNOU of federally protected rights, including, but not limited to, the right:

    A.    To be free from false arrest/unlawful imprisonment;

      B.      To be free from excessive force; and

      C.      To be free from the failure to intervene.

67. As a result of the foregoing, plaintiff HARRY IOANNOU is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to, and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

70. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

71. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

72. Plaintiff has complied with all conditions precedent to maintaining the instant action.

73. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

74. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Defendants arrested plaintiff HARRY IOANNOU without probable cause.

76. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

77. As a result of the aforementioned conduct, plaintiff HARRY IOANNOU was unlawfully imprisoned in violation of the laws of the State of New York.

78. As a result of the aforementioned conduct, plaintiff HARRY IOANNOU suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

79. Defendant CITY OF NEW YORK, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

80. As a result of the foregoing, plaintiff HARRY IOANNOU is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(<u>Assault under the laws of the State of New York</u>)

81. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. As a result of the foregoing, plaintiff HARRY IOANNOU was placed in apprehension of imminent harmful and offensive bodily contact.

83. As a result of defendants' conduct, plaintiff HARRY IOANNOU has suffered physical pain, injuries, and mental anguish, together with shock, fright, apprehension,

embarrassment, and humiliation.

84. Defendant CITY OF NEW YORK, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

85. As a result of the foregoing, plaintiff HARRY IOANNOU is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Defendant officers made offensive contact with plaintiff without privilege or consent.

88. As a result of defendants' conduct, plaintiff HARRY IOANNOU has suffered physical pain, injuries, and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

89. Defendant CITY OF NEW YORK, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

90. As a result of the foregoing, plaintiff HARRY IOANNOU is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant CITY OF NEW YORK)

91. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and arrested plaintiff HARRY IOANNOU.

93. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

94. As a result of the foregoing, plaintiff HARRY IOANNOU is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant CITY OF NEW YORK)

95. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted, battered, and arrested plaintiff.

97. As a result of the foregoing, plaintiff HARRY IOANNOU is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff HARRY IOANNOU demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
August 30, 2021

> BRETT H. KLEIN, ESQ., PLLC
> Attorneys for Plaintiff HARRY IOANNOU
> 305 Broadway, Suite 600
> New York, New York 10007
> (212) 335-0132
>
> By: *Brett Klein*
>      _____
>      BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

HARRY IOANNOU,

                                                Plaintiff,

      -against-                                                                     Index No.:

CITY OF NEW YORK, BILL DE BLASIO, Individually,
DERMOT SHEA, Individually, TERENCE MONAHAN,
Individually, JOHN MORALES, Individually, the name John being
fictitious, as the true first name is presently unknown), and JOHN
and JANE DOE 1 through 15, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                                Defendants.

--------------------------------------------------------------------------------X

## COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132